**MANTANONA**
LAW OFFICE

GCIC Bldg., Suite 601B
414 West Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Facsimile (671) 472-3668

Attorney for **Christopher M. Espinosa**



FILED
DISTRICT COURT OF GUAM

JUL 22 2005

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00053 |
| | ) | |
| vs. | ) | |
| | ) | NOTICE OF MOTION; MOTION TO |
| CHRISTOPHER M. ESPINOSA, | ) | RECONSIDER DETENTION; |
| ERIC M. APONIK, JOHN V. CRUZ | ) | MEMORANDUM OF LAW; |
| and JARETT J. ELM | ) | DECLARATION OF COUNSEL; |
| | ) | CERTIFICATE OF SERVICE |
| Defendants. | ) | |
| | ) | |

### NOTICE OF MOTION

TO: KARON JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

PLEASE TAKE NOTICE that the following motion will be heard before the Honorable Frances Tydingoc-Gatewood in her courtroom in the United States Courthouse, 4th Floor, 520 West Soledad Ave., Hagatna, Guam, on _to be scheduled by the Court_, or as soon as counsel may be heard.

ORIGINAL

## MOTION TO RECONSIDER DETENTION

COMES NOW the defendant, through counsel RAWLEN M. T. MANTANONA, ESQ., and moves this Honorable Court to reconsider releasing him on bail, with specific conditions as outlined below:

1. That Christopher M. Espinosa be released on $50,000.00 personal recognizance bond, or in the alternative;

2. That Christopher M. Espinosa be released to a qualified third party custodian, Anthony C. Lujan.

3. That Christopher M. Espinosa be subject to drug testing as and if required by Pretrial Services, and/or any other conditions that this court finds reasonable.

4. That Christopher M. Espinosa reside with his foster father, Anthony C. Lujan at 105 Ponton Drive, Maina, Guam, Telephone Number 477-9209.

This motion is based upon the documents and records of this case.

DATED: Hagatna, Guam, July 19, 2005

RAWLEN M. T. MANTANONA, ESQ.
Attorney for Defendant

## MEMORANDUM OF LAW

The defendant, Christopher M. Espinosa, is currently awaiting trial for conspiracy to distribute Methamphetamine Hydrochloride and attempted possession of Methamphetamine Hydrochloride with intent to distribute, in violation of 21 U.S.C. 841(a)(1), (b)(1)(A)(viii) and 846 on August 8, 2005.

Title 18 U.S.C. §3142, governs release of persons awaiting trial and requires courts to detain those persons unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under bond or conditions. Mr. Espinosa asserts that there is clear and convincing evidence that he is not a flight risk or that he does not pose a danger to the community.

Mr. Espinosa is not a flight risk. He has significant family ties to Guam. His mother, sister and other family members all reside here on Guam. When released, Mr. Espinosa will reside with his surrogate stepfather and his family at 105 Ponton Drive, Maina, Guam, telephone number 477-9209.

Mr. Espinosa also asserts he is not a danger to the community. Title 18 U.S.C. §§ 3142 and 3143 do not provide a bright-line answer to what constitutes "danger" to the community. However, Congress did not declare that the community is entitled to assurances of freedom from all harm and a court cannot detain a defendant on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether by conditions of release the community can <u>reasonably</u> be assured of safety. In this case, the Court can feel secure the community is not at risk should Espinosa be released. Conditions of release can certainly be fashioned that will ensure the protection of the community.

3

This court has many options other than trial incarceration. It can order daily appearances before pretrial services, electronic monitoring or other forms of curfew, full-time employment, third-party custody, drug testing, bail, and/or a property bond. In the instant case, this Court can also order a third party custodian and that Espinosa reside with his third party custodian.

Moreover, there are many sanctions available to the court should Espinosa fail to comply with the terms and conditions of his supervised release. Under 18 U.S.C. § 3146, Espinosa can be given a prison sentence apart from and consecutive to the sentence Espinosa will receive as a result of the underlying offense. To secure a conviction under section 3146(a)(1), the government must simply prove that the defendant has been released on bail pending trial or sentencing, that the defendant was required to appear before a court, and that the defendant knowingly and willfully failed to do so.

In addition, under 18 U.S.C. § 3147, if the defendant commits a crime while on release, he will receive a sentence **consecutive** to the underlying offense. Section 3147 is designed to deter those who would pose a risk to community safety by committing another crime when released and also to punish those who indeed are convicted of another offense.

Hence, this Court has at its disposal two highly effective statutes designed to deter person from failure to appear and from committing offense while on release. Espinosa is fully aware of these sanctions, and respectfully submits this Court will not have to use them if Espinosa is released on appropriate conditions.

//
//
//

4

## CONCLUSION

Mr. Espinosa asserts that he is not a flight risk or danger to the community and respectfully request that this Court releases him upon terms and conditions this Court deems appropriate.

DATED: Hagatna, Guam, 7/20, 2005.

_____
RAWLEN M. T. MANTANONA, ESQ.
Attorney for Defendant

## DECLARATION OF COUNSEL

I, RAWLEN M. T. MANTANONA, hereby declare as follows:

1. That I am counsel for Defendant, Christopher M. Espinosa, having been appointed pursuant to the Criminal Justice Act.

2. That the facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Hagatna, Guam, 7/19, 2005

_____
RAWLEN M.T. MANTANONA, ESQ.
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, CHARLENE D. MAYO, hereby certify that a true and exact copy of the foregoing document was duly hand-delivered to the following on July 22, 2005:

Karon Johnson
Asssitant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

DATED: 7/22/05

CHARLENE D. MAYO
Legal Secretary to Rawlen M T Mantanona
Attorney for Christopher M. Espinosa, Defendant

7