EAponik.PLE

LEONARDO M. RAPADAS
United States Attorney
RUSSELL C. STODDARD
First Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00053-002 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| ERIC M. APONIK, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ERIC M. APONIK., enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I, Conspiracy to Distribute Methamphetamine Hydrochloride, in violation of Title 21, United States Code, §§ 841(a)(1) and 846, The United States will move to dismiss Count II upon sentencing.

2(a) The defendant, ERIC M. APONIK, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of the distribution of methamphetamine hydrochloride (ice) and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which he is pleading guilty. Cooperation will also include complying

with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (NMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the Districts of Guam or the NMI.

- 2 -

Case 1:05-cr-00053   Document 73   Filed 08/30/2005   Page 2 of 9

3. The defendant, ERIC M. APONIK, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of methamphetamine distribution shall be surrendered to the United States or any lawful agency as may be directed by the Court.

4. The defendant, ERIC M. APONIK, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if requested to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in the importation and distribution of methamphetamine hydrochloride and his knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5(a) The defendant, ERIC M. APONIK, understands that the <u>maximum</u> sentence for Conspiracy to Distribute Methamphetamine Hydrochloride in an amount more than 50 grams net weight is a term of imprisonment for life, with a mandatory minimum term of ten (10) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of not more than five (5) years supervised release in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him to an additional term of up to five (5) years incarceration pursuant to 18 U.S.C. § 3583(e)(3).

5(b) If defendant cooperates as set forth in Paragraphs 2, 3, and 4 the government will recommend that defendant receive the statutory minimum, or the minimum term of incarceration recommended by the Sentencing Guidelines, whichever is less.

5(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the [statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may,] as

- 3 -

provided by Sentencing Guidelines 5K1.1, request the court to depart below the advisory guidelines range when fixing a sentence for defendant or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a departure for substantial assistance. Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided substantial assistance which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

   (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

   (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

   (3) the nature and extent of defendant's assistance;

   (4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

   (5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

5(d) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule.

Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5(e) The government will not object to the defendant receiving the benefits of the "safety valve" provisions of U.S.S.G § 5C1.2 .

6. The defendant understands that to establish a violation of Conspiracy to Distribute Methamphetamine Hydrochloride pursuant to 21 U.S.C. § 846, the government must prove each of the following elements beyond a reasonable doubt:

> <u>First</u>: there was an agreement between two or more persons to commit the crime of distribution of methamphetamine hydrochloride; and
>
> <u>Second</u>: the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

7. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level, even though the counts underlying this conduct may be dismissed. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born April 17, 1974, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) Beginning in about November 2004, ERIC M. APONIK began receiving parcels containing crystal methamphetamine that were shipped to a postal box in Guam from CHRISTOPHER M. ESPINOSA in Las Vegas, Nevada. Each parcel contained one to four ounces of crystal methamphetamine. ERIC M. APONIK would provide the crystal methamphetamine to JOHN V. CRUZ, who would distribute the crystal methamphetamine in Guam. In exchange, JOHN V. CRUZ would obtain crystal methamphetamine and money from

ERIC M. APONIK. Defendant JARRETT J. ELM would drive ERIC M. APONIK to the post office to pick-up the parcels containing crystal methamphetamine and would send the drug proceeds to CHRISTOPHER M. ESPINOSA via Western Union. In return, JARRETT J. ELM would receive crystal methamphetamine from ERIC M. APONIK.

On June 17, 2005, a parcel from CHRISTOPHER M. ESPINOSA to ERIC M. APONIK was intercepted by Guam Customs and the United States Postal Inspector. The parcel contained approximately 110 grams gross weight of a mixture or substance containing crystal methamphetamine.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. Defendant understands that whether he has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

10. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. If at any time defendant's guilty plea is rejected, withdrawn, vacated or reversed, the United States will be free to prosecute defendant for all charges of which it presently has knowledge, and any charges that have been dismissed will automatically be reinstated or may be presented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the

right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    (d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    (e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

    (f) That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    (g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

- 8 -

Case 1:05-cr-00053 Document 73 Filed 08/30/2005 Page 8 of 9

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 8·30·05

ERIC M. APONIK
Defendant

DATED: 8/30/05

JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 8·30·05                By: 

RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 9 -