JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
ERIC M. APONIK



FILED
DISTRICT COURT OF GUAM
SEP 13 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-00053 |
| | ) | |
| Plaintiff, | ) | RESPONSE TO PRESENTENCE |
| | ) | REPORT; CERTIFICATE OF SERVICE |
| vs. | ) | |
| | ) | |
| ERIC M. APONIK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## RESPONSE TO DRAFT PRESENTENCE REPORT

Defendant, ERIC M. APONIK, by and through counsel, John T. Gorman, Federal Public Defender, respectfully accepts the findings of the Presentence Investigation Report (PSI) with the following exceptions.

Mr. Aponik respectfully submits that his correct Total Offense Level is 27 not 31 as proposed in the PSI. There are two reasons for this 4 level discrepancy. The first is the PSI's recommended 2 level increase for being an organizer, leader, manager or supervisor is unsupported

by the facts and the law. The second reason is because Mr. Aponik deserves a 2 level offense level decrease as he qualifies for the "Safety Valve" pursuant to U.S. Sentencing Guidelines (U.S.S.G.) § 5C1.2, **Limitation on Applicability of Statutory Minimum Sentences in Certain Cases**, and § 2D1.1((b)(7). Thus, Mr. Aponik submits that his true Total Offense Level is 27, and with a criminal history category of I, his advisory Guidelines sentence range is 70-87 months.

I. **Mr. Aponik Was Not an Organizer, Leader, Manager or Supervisor, Thus, a 2 Level Increase in His Offense Level Is Unwarranted.**

The PSI claims Mr. Aponik deserves a 2 level increase in his Advisory Guidelines Offense level pursuant to U.S.S.G. § 3B1.1(c), **Aggravating Role**, and that his Total Offense Level should be 31. (PSI, paragraphs 46, 54, 58, pages 10-11). The PSI claims Mr. Aponik organized and supervised participants as he received methamphetamine from Las Vegas, Nevada and coordinated its distribution and remitted the proceeds back to Las Vegas. (PSI, paragraph 46, page 10). Mr. Aponik did participate in this illegal conspiracy but he was not an organizer, leader, manager or supervisor and the proposed 2 level increase is unwarranted.

A. **The PSI's Proposed 2 Level Enhancement, Which has a Disproportionate Effect on Mr. Aponik's Advisory Guideline Sentence, Must be Proven by Clear and Convincing Evidence.**

The PSI's proposed 2 level enhancement under U.S.S.G. § 3B1.1(c), **Aggravating Role** has a disproportionate effect on Mr. Aponik's s advisory guideline sentence as it is actually is a 4 level difference. This is because in addition to the 2 level increase as a leader, organizer, manager and supervisor, it bars his rightful consideration for a 2 level decrease under the "Safety Valve" pursuant to U.S.S.G. § 5C1.2, **Limitation on Applicability of Statutory Minimum**

2

**Sentences in Certain Cases**, and § 2D1.1((b)(7). Under the PSI's recommended formulation, Mr. Aponik is a level 31, with a criminal history category I, and an advisory guideline sentence of 108-135 months. Under Mr. Aponik's recommended formulation, he is a level 27, with a criminal history category I, and with an advisory guideline sentence of 70-87 months. The difference is 38 months. This 38 month difference jumps Mr. Aponik's sentence by over 50% and is extremely disproportionate.

When a sentencing factor has an extremely disproportionate effect on the advisory guideline sentence, the government must prove such a factor by clear and convincing evidence. United States v. Staten, 450 U.S. 384 (9th Cir. 2006). The government has the burden of proving specific facts that demonstrate an aggravating role and upward adjustment. The government has not and can not meet their burden proof as Mr. Aponik was not an organizer, leader, manager or supervisor.

The guidelines do provide guidance in the inquiry as to this aggravating factor. To determine whether a defendant is an organizer or leader, as opposed to a manger or supervisor, the Court should consider the following factors:

- the exercise of decision making authority;
- the nature of participation in the commission of the offense;
- the recruitment of accomplices;
- the claimed right to a larger share of the fruits of the crime;
- the degree of participation in planning or organizing the offense;
- the nature and scope of the illegal activity; and
- the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, Application Note 4. The facts show that Mr. Aponik did not have the necessary control, organizational or decision-making authority that would warrant a 2 level upward adjustment.

3

### B. Mr. Aponik Did Not Claim a Larger Share of the Fruits of the Crime.

One of the most important missing factors is any claimed right by Mr. Aponik to a larger share of the fruits of the crime. Commonsense tells us that leaders, managers and supervisors receive more profits than followers. As the Sentencing Guidelines state, "[I]t also likely that persons who exercise a supervisory or managerial role in the commission of the offense tend to profit more from it and present a greater danger to the public and/or more likely to recidivate." U.S.S.G. § 3B1.1 Background. Mr. Aponik received no extra compensation for his alleged role as organizer, leader, manager or supervisor. If Mr. Aponik was an organizer, leader, manager or supervisor, he surely would have received a greater share of the profits commensurate with his position. In fact, just the opposite is true. There is no evidence that Mr. Aponik received any greater share of the profits or money. The lack of greater profits proves Mr. Aponik was not a organizer, leader, manager or supervisor. The profit or larger share factor is not the only missing element here though.

### C. Mr. Aponik Had Little or No Control or Authority over Others.

The PSI alleges that Mr. Aponik supervised and managed participants but never names who exactly he supervised and managed. Presumably, the PSI is referring to his co-defendant, Jarrett Elm. Jarrett Elm is the cousin of Brian Elm, who was one of the founders and supervisors of this drug ring. Brian Elm is Mr. Aponik's brother-in-law, as Mr. Aponik is married to Brian Elm's sister. Jarrett Elm was familiar with his cousin, Brian Elm's drug distribution activities long before Mr. Aponik ever asked him for assistance. Mr. Aponik and Jarrett Elm were longtime friends and were, in effect, in-laws. There is no evidence that Mr. Aponik ever treated Jarrett Elm as an

4

### E. Mr. Aponik's Role Was Important but That Does Not Transform Him into a Manager or Supervisor.

The government may well claim that Mr. Aponik's role was essential to the conspiracy and that makes him a manager or supervisor. That would be a misstatement of the law however. Mr. Aponik did play an essential role in this conspiracy. However, that does not make him a manager, organizer, leader or supervisor. Ninth Circuit case law is clear that playing an "essential" role in a offense is not alone sufficient to trigger § 3B1.1. United States v. Lopez-Sandoval, 146 F.3d 712, 716-717 (9th Cir. 1998). Also, greater culpability than others does not alone warrant a role enhancement. United States v. Graham, 162 F.3d 1180, 1185 (D.C. Cir. 1998); Harper, 33 F.3d at 1150, United States v. Hoac, 990 F.2d 1099, 111 (9th Cir. 1993). Most, if not all participants in a conspiracy are essential to its success. That does not however transform them into leaders, organizers, managers or supervisors.

### F. Mr. Aponik's "Recruitment" of Jarrett Elm Is Insufficient to Make Him a Manager or Organizer.

The only manager or supervisor factor that seemingly applies to Mr. Aponik is the recruitment factor. This was a small conspiracy of six people, Brian Elm, Christopher Espinosa, Jonathan Canovas, John Cruz, Mr. Aponik and Jarrett Elm. Only one individual, Jarrett Elm, a driver/delivery man, was introduced into the conspiracy by Mr. Aponik. It is worth noting that Jarrett Elm is a cousin of one of the founders, Brian Elm, and was presumably aware of his cousin's extensive drug ring. "Recruiting" is too active a verb to describe Mr. Aponik's role in introducing Jarrett Elm into the enterprise. This recruitment was not an extensive or organized process. Mr. Aponik simply asked a friend, who also happened to be a relative of one of the founders and leaders

6

of the conspiracy, to assist him. This recruitment factor alone is insufficient to make Mr. Aponik an organizer, leader, manager or supervisor.

The Ninth Circuit's decision in United States v. Hoac, 990 F.2d 1099 (9th Cir. 1993) is instructive. Co-defendant Chan was convicted after trial of heroin distribution charges. Chan had opened a trading company to export the heroin, reserved a shipping date and arranged for a shipping container. He also assisted a co-defendant in placing the heroin in cans and loading the shipping container. Chan was promised $50,000 - $70,000 if the shipment was successful. At the time of his arrest Chan possessed the rental contract and keys for the packing crates. At sentencing, the District Court gave Chan a two (2) level upward adjustment under § 3B1.1© as an organizer, leader, manager or supervisor of the drug conspiracy. Despite Chan's extensive involvement in the conspiracy, the Ninth Circuit held that there was insufficient evidence that he exercised control over other defendants or was responsible for organizing them. The two (2) level upward adjustment under § 3B1.1© was struck down and the case remanded for re-sentencing.

A review of the pertinent § 3B1.1 factors shows Mr. Aponik, like Chan in Hoac, had an essential role but was not a manager, organizer, leader or supervisor. The real organizers and leaders were Brian Elm, Christopher Espinosa and Jonathan Canovas. Mr. Aponik did not receive a greater share of the proceeds. This was a small conspiracy of six persons. Mr. Aponik did not supervise or discipline Jarrett Elm or John Cruz. Mr. Aponik had no role in the conception, planning or organization of this drug ring. He had an essential role but did not have a managerial or supervisory one. Of all the relevant factors the Court should consider in its determination, the only one arguably applicable is recruitment of one co-conspirator. Mr. Aponik did introduce Jarrett Elm

7

to the conspiracy. However this recruitment was not an extensive or organized process. Mr. Aponik simply asked a friend and relative of Brian Elm to assist him. This one factor alone is insufficient to transform him into a leader, organizer, manager or supervisor.

### II. Mr. Aponik's offense level should be decreased by 2 levels as he qualifies for the "Safety Valve".

Mr. Aponik qualifies for the 2 level "Safety Valve" decrease pursuant to U.S.S.G. § 5C1.2, **Limitation on Applicability of Statutory Minimum Sentences in Certain Cases**, and § 2D1.1((b)(7). Section 5C1.2 sets outs the 5 qualifying factors for the "Safety Valve", summarized below;

1. The defendant does not have more than 1 criminal history point;

2. The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon or induce another participant to do so;

3. The offense did not result in death or serious bodily injury to any person;

4. The defendant was not an organizer, leader, manager or supervisor and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

5. Prior to the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has regarding the offense.

If a defendant meets the five qualifying criteria under § 5C1.2, then pursuant to § 2D1.1((b)(7), 2 level should be deducted from his offense level. As Mr. Aponik meets the five qualifying criteria for the "Safety Valve", 2 levels should be deducted from his offense level.

8

## CONCLUSION

For all of the above reasons, Mr. Aponik respectfully submits there is no factual basis for a 2 level upward adjustment for Mr. Aponik as an organizer, leader, manager or supervisor under U.S.S.G. § 3B1.1. Mr. Aponik also qualifies for the 2 level decrease under the "Safety Valve" pursuant to U.S. Sentencing Guidelines (U.S.S.G.) § 5C1.2, Limitation on Applicability of Statutory Minimum Sentences in Certain Cases, and § 2D1.1((b)(7). Thus, Mr. Aponik submits that his correct Total Offense Level is 27 and with a Criminal History Category I, his advisory guidelines imprisonment range is 70-87 months.[1]

DATED: Mongmong, Guam, September 13, 2006.

/s/ John T. Gorman
JOHN T. GORMAN
Attorney for Defendant
ERIC M. APONIK

---

[1] The government will be filing a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 to recognize Mr. Aponik's extensive and substantial assistance. Mr. Aponik cooperated fully, truthfully and immediately and his cooperation led directly to the arrest and conviction of Brian Elm, Jonathan Canovas, Christopher Espinosa, John Cruz and Jarrett Elm. He also testified in the jury trial of Brian Elm.

9

## CERTIFICATE OF SERVICE

I, RENATE DOEHL, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on September 13, 2006:

KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


STEPHEN GUILLIOT
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, September 13, 2006.

_____
RENATE DOEHL
Operations Administrator

JOHN T. GORMAN
Attorney for Defendant
ERIC M. APONIK